**Electronically Filed
Intermediate Court of Appeals
29838
21-FEB-2013
10:00 AM**

NO. 29838

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RALPH KALEO NAITO, Individually, and as
Conservator and Guardian of GENEVIEVE FERNANDEZ NAITO,
Plaintiff-Appellee
v.
SYDNEY ANTONE NAITO, PAT LELIA MULVEY, RAND E. MULVEY, JR.,
EDNA MAY NAITO, MATALIMA JANICE NAITO,
Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-2387)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

This appeal arises out of an inter-familial dispute
involving pro se Defendants-Appellants Sydney Antone Naito, Pat
Lelia Mulvey, Rand E. Mulvey, Jr., Edna May Naito, and Matalima
Janice Naito (collectively, Appellants) and Plaintiff-Appellee
Ralph Kaleo Naito (Kaleo), Individually, and as Conservator and
Guardian of Genevieve Fernandez Naito (Genevieve).  Appellants
appeal from the "Notice of Entry of Partial Final Judgment
Revesting Title to Genevieve Fernandez Naito" filed June 15,
2009[1] pursuant to the "Order Granting Plaintiff's Motion for HRCP

---

[1]    The partial final judgment filed June 15, 2009 rescinded the
quitclaim deed in question.  Hawaii Revised Statutes (HRS) § 641-1(a) (Supp.
(continued...)

54(b), Filed March 9, 2009" filed April 21, 2009, both entered in the Circuit Court of the First Circuit[2] (circuit court).

Appellants contend:

(1) the circuit court erred in ruling that their proposed exhibits were not properly authenticated and therefore not admissible;

(2) that Appellee's evidence was improperly admitted; and

(3) the circuit court erred in issuing a finding of fact that Genevieve was incapacitated when she executed the quitclaim deed on December 19, 2005.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

(1) The circuit court stated, "[e]ven though it's not admissible, I read every single word that you guys submitted. So don't worry about it. I took everything into consideration." The circuit court informed Appellants again that "many of [Appellants' exhibits] are not admissible, but I considered them anyway. And that would be over the objection of plaintiff, I'm sure. But I considered them." The record in this case refutes

_____

[1](...continued)
2012) authorizes appeals "in civil matters from all final judgments, orders, or decrees[.]" Hawai'i Rules of Civil Procedure (HRCP) Rule 58 requires that "[e]very judgment shall be set forth on a separate document." As such, the Hawai'i Supreme Court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Although Appellants filed their notice of appeal prior to entry of the partial final judgment, Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(2) authorizes a premature notice of appeal that a party files after the announcement of an adjudication but prior to entry of the corresponding judgment.

[2] The Honorable Glenn J. Kim presided.

Appellants' "assertion that the Circuit Court erred by not considering their arguments and exhibits."

(2) Appellants argue that Kaleo was wrongfully allowed to present evidence without having personal knowledge, "in violation of the rules of the Court (HRS [§] 626-0001-602)." (Appellants appear to be citing to Hawaii Rules of Evidence (HRE) Rule 602 (1993) "Lack of personal knowledge.") HRE Rule 602 states in part: "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

The facts in Kaleo's Declaration are in dispute. However, Appellants' mere assertion that the claims, beliefs, and denials in the Declaration "had no basis" does not disqualify the Declaration. The commentary to HRE Rule 602 defines personal knowledge as meaning "the witness perceived the event about which he testifies and that he has a present recollection of that perception." The commentary further states that "[i]f under the circumstances proved, reasonable men could differ as to whether the witness did or did not have adequate opportunity to observe, then the testimony of the witness should come in[.]" HRE Rule 602, Commentary, quoting McCormick on Evidence, § 10 (6th ed. 2009). Kaleo, the son and Conservator and Guardian for Genevieve, was in a position where it could be reasonably inferred that he had the personal knowledge and competence to make the Declaration in dispute.

(3) Appellants take issue with the Declaration provided by Jon P. Cooney, M.D. (Dr. Cooney), which stated Genevieve was incompetent as of December 5, 2005. Dr. Cooney, an internal medicine, psychiatry, and geriatrics physician, examined Genevieve on December 5, 2005. Dr. Cooney's Declaration dated September 4, 2008, stated that he diagnosed her with dementia and opined that she was "not competent to make informed decisions about her person[,]" and that "her incapacitation rendered her unable to meet essential requirements for physical health,

safety, and self-care, even with appropriate technological assistance." Dr. Cooney also stated in his Declaration that "[m]y opinions have not changed since December 5, 2005. [Genevieve] has continuously been unable and not competent to make informed decisions regarding her person."

The circuit court's conclusion of law that Genevieve was "incompetent and incapacitated when the deed was executed" was not clearly erroneous. "[A] [conclusion of law] that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case." Chun v. Bd. of Trs. of the Employees' Ret. Sys. of the State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (internal quotation marks omitted).

Appellants argue that the notarized date on the quitclaim deed is erroneous because on December 19, 2005 Genevieve was in the hospital. Genevieve's hospital stay did not preclude her from having signed the deed during that time.

Appellants' strongest evidence calling the validity of the deed into question are the logs from the notary, which do not show an entry for Genevieve on December 19, 2005 (or December 5, 2005, December 6, 2005, or any other date).

Appellee contends that the deed itself is clear and unambiguous on its face, and that there is no evidence to suggest that it might have been executed on any date other than December 19, 2005. Appellee notes that the date appears three times on the deed. "A deed apparently valid upon its face carries with it a presumption of validity." Chun Chew Pang v. Chun Chew Kee, 49 Haw. 62, 71, 412 P.2d 326, 332 (1966) (internal quotation marks omitted).

Appellants argue that the date of execution of the deed was December 6, 2005 and Genevieve was not incapacitated at the date of execution. The deed on its face, is clear that it was executed on December 19, 2005, not on December 6, 2005. The logs

from the notary do not support the December 6, 2005 date asserted by Appellants any more than they refute the December 19, 2005 date.

Therefore,

IT IS HEREBY ORDERED that the "Notice of Entry of Partial Final Judgment Revesting Title to Genevieve Fernandez Naito" filed June 15, 2009 pursuant to the "Order Granting Plaintiff's Motion for HRCP 54(b), Filed March 9, 2009" filed April 21, 2009, both entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, February 21, 2013.

On the briefs:

Sydney Antone Naito,
Pat Lelia Mulvey,
Rand E. Mulvey, Jr.,
Edna May Naito,
Matalima Janice Naito,
Defendants-Appellants pro se.

Judy Y. Lee
Regan M. Iwao
Kimberly J. Koide
(Goodsill Anderson Quinn & Stifel)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5